UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Orlando Division

Case No. 6:13-cv- 571-orl-37GJK

TERRY OAKES,

    Plaintiff,

vs.

MIDLAND FUNDING, LLC, a foreign
Limited liability company and
POLLACK & ROSEN, P.A, a
Florida professional association,

    Defendants.
_____/

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TERRY OAKES, by and through his undersigned counsel, hereby files his Complaint, sues the Defendants, MIDLAND FUNDING, LLC, (hereinafter referred to as "MIDLAND FUNDING"), and POLLACK & ROSEN, P.A., and alleges as follows:

1. This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692-1692o, and the Florida Consumer Collection Practices Act seeking actual damages, statutory damages, attorney's fees and costs.

Oakes v. Midland Finding, LLC and Pollack & Rosen, P.A.
Page 2

---

2.  Venue in this judicial district is proper under 28 U.S.C. §1391(b). All of the actions and omissions forming the basis for this lawsuit occurred within this district.

3.  This Court has jurisdiction over the subject matter by virtue of Section 813 (d) of Fair Debt Collection Practices Act, 15 U.S.C. §§1692k(d), and 28 U.S.C. §§1331, 1337, and 1367.

4.  Plaintiff, TERRY OAKES (hereinafter referred to as "Plaintiff" or "OAKES"), brings this action for illegal practices of Defendants MIDLAND FUNDING and POLLACK & ROSEN, P.A., who each used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect an alleged debt from the Plaintiff.

5.  Plaintiff alleges that MIDLAND FUNDING and POLLCK & ROSEN, and their respective debt collector employees, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559, et seq. ("FCCPA").

6.  The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States

Oakes v. Midland Finding, LLC and Pollack & Rosen, P.A.
Page 3

---

Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

7. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Eleventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010).

8. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. §

1692d(1)-(6).

9. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection statements and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16).

## I. PARTY-PLAINTIFF

10. OAKES is a natural person who, at all times relevant to this complaint, resided in Orlando, Florida.

11. OAKES is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.

12. OAKES is, at all times relevant to this complaint, a "debtor" as that term is defined by Fla. Stat. § 559.55(2).

13. OAKES is alleged to have incurred a financial obligation for primarily personal, family, or household purposes, which is, therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

Oakes v. Midland Finding, LLC and Pollack & Rosen, P.A.
Page 5

## II. PARTIES-DEFENDANTS

14. MIDLAND FUNDING is, at all times relevant to this complaint, a for-profit foreign limited liability company, and collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

15. POLLACK & ROSEN, P.A. is a Florida professional association having its principal place of business in Coral Gables, Florida and at all times relevant to this complaint, collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

16. MIDLAND FUNDING is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

17. MIDLAND FUNDING is engaged in the business of soliciting consumer debts for collection and/or collecting consumer debts and, therefore, is a "Consumer Collection Agency" as that term is defined by Fla. Stat. § 559.55(7).

18. POLLACK & ROSEN, P.A. is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

Oakes v. Midland Finding, LLC and Pollack & Rosen, P.A.
Page 6

_____

19.   POLLACK & ROSEN, P.A. is engaged in the business of soliciting consumer debts for collection and/or collecting consumer debts and, therefore, is a "Consumer Collection Agency" as that term is defined by Fla. Stat. § 559.55(7).

## IV. FACTS

20.   Plaintiff, TERRY OAKES, is alleged to have incurred a financial obligation and is alleged to have defaulted on that obligation.

21.   The foregoing alleged financial obligation is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(1).

22.   On January 17, 2013, Defendants, MIDLAND FUNDING and POLLACK & ROSEN, filed suit against OAKES in County Count, Orange County, Florida, Case No. 2013-SC-000701-O.

23.   The lawsuit described in the foregoing paragraph is meritless as OAKES is not the debtor alleged to have defaulted on the debt sued upon.

24.   To the contrary, Plaintiff has an excellent credit score of 830 and has not defaulted on any debts.

25. At all times material hereto, each of the Defendants was a "creditor" as that term is defined by Section 803 (4) of the FDCPA, 15 U.S.C. §1692a(4).

26. Defendants regularly use the mails and telephone in a business the principal purpose of which is the collection of debts.

27. Each of the Defendants is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

28. There is no legal or factual basis for the lawsuit filed by Defendants demanding payment from the Plaintiff of an alleged debt.

29. Defendants have claimed, attempted and threatened to enforce a debt when Defendants knew that the debt was not legitimate or valid.

30. Defendants asserted the existence of a legal right when Defendants knew that such right did not exist.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

31. The allegations in paragraphs 1 through 30 are incorporated by reference herein.

32. The communication from the Defendants in the form of the lawsuit filed on January 17, 2013 was in violation of Section 807 of the FDCPA, 15 U.S.C. §1692e(1) which provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*          \*          \*          \*
>
> (2) The false representation of—
>
> (A) the character, amount, or **legal status of any debt**; (emphasis supplied).

33. The acts and omissions of Defendants' agents, and the other debt collectors employed as agents by Defendant as described herein, were committed within the time and space limits of their agency relationship with their principal, Defendants.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7, Fed.R.Civ.P. 38.

WHEREFORE, Plaintiff prays for this Court:

a. To declare that Defendants have violated the FDCPA;

b. To award Plaintiff actual damages sustained as a result of the Defendants' failure to comply with the FDCPA;

c. To award the Plaintiff statutory damages not to exceed $1,000.00 against each Defendant;

d. To dismiss, with prejudice, the meritless lawsuit and to take whatever measures are necessary to correct the Plaintiff's credit.

e. To award Plaintiff reimbursement for such expenses as have been required to expend to prosecute this claim;

f. To award Plaintiff his reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

g. To award such other and further relief as the Court deems proper.

## COUNT II
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

34. The allegations in paragraphs 1 through 30 are incorporated by reference herein.

Oakes v. Midland Funding, LLC and
Pollack & Rosen, P.A.
Page 10

_____

35.  Plaintiff, TERRY OAKES, is an individual who resides in Orange County, Florida.

36.  Plaintiff is a "debtor" or "consumer" as defined by §559.55(2), Fla. Stat.

37.  Each Defendant is a person as defined in §1.01(3), Fla. Stat.

38.  Defendants have knowledge and control of the collection activities of its agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

39.  Defendant, MIDLAND FUNDING, is a registered foreign limited liability company, engaged in collecting debts in this state with its principal place of business located in San Diego, California.

40.  Defendant, POLLACK & ROSEN, P.A., is a Florida Professional Association, engaged in collecting debts in this state with its principal place of business located in Coral Gables, Florida.

Oakes v. Midland Funding, LLC and
Pollack & Rosen, P.A.
Page 11

_____

41. Section 559.72 of the Florida Statutes provides, in part, as follows:

> Prohibited practices generally. — In collecting consumer debts, no person shall:
>
> \*         \*         \*
>
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

42. Defendants have knowledge and control of the collection activities of its agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

43. The tactics employed by Defendants have caused Plaintiff considerable worry, embarrassment, frustration, anger, distress, and concern that these organizations would go to this extent to collect a debt.

44. Plaintiff's damages pursuant to Florida Statutes including §559.77 have continued and are continuing as of the filing of this complaint.

Oakes v. Midland Funding, LLC and
Pollack & Rosen, P.A.
Page 12

---

45. All conditions precedent to the filing of this action have occurred, been fulfilled or waived.

46. Inasmuch as the Defendants' claims did not exist as to Plaintiff, this was reasonably expected to abuse or harass the Plaintiff.

47. Inasmuch as the Defendants' claim as to Plaintiff is unenforceable, it was not a legitimate debt.

48. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt which was unenforceable and did not exist.

49. On January 30, 2013, Plaintiff made 2 telephone calls to Defendants' agent, Joseph Rosen wherein Plaintiff gave Rosen the "last 4" of his Social Security number and based on that information, Rosen stated that "there is no way that you are the debtor in this lawsuit."

50. After the telephone call described in the preceding paragraph, Defendants continued to maintain the meritless and baseless lawsuit up to requiring Plaintiff to attend mediation on February 28, 2013.

Oakes v. Midland Funding, LLC and
Pollack & Rosen, P.A.
Page 13

---

51.  As a result of the above violations of the Florida Consumer Collection Practices Act, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and actual damages, statutory damages, and attorneys' fees and costs.

52.  Plaintiff's damages pursuant to Florida Statutes including §559.77 have continued and are continuing as of the filing of this complaint.

53.  Plaintiff is a consumer and the obligation between the parties which is the debt owed pursuant to the subject note is a consumer debt as defined in Fla. Stat. §559.55(1).

54.  As a result of the above violations of the Florida Consumer Collection Practices Act, the Defendants are liable to the Plaintiff for injunctive and declaratory relief and actual damages, statutory damages, and attorney's fees and costs.

55.  Defendants' actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Fla. Stat. §559.77.

56.  Plaintiff is entitled to damages under Fla. Stat. §559.77.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

Oakes v. Midland Funding, LLC and
Pollack & Rosen, P.A.
Page 14

---

  A. Declaratory judgment that Defendants' conduct violated the Florida Consumer Collection Practices Act and declaratory and injunctive relief for the Defendant's violations of the FCCPA.

  B. That Defendants be enjoined from any and all further illegal collection practice.

  C. Actual damages pursuant to Fla. Stat. §559.77(2).

  D. Statutory damages against each Defendant pursuant to Fla. Stat. §559.77(2).

  E. To dismiss, with prejudice, the meritless lawsuit and to take whatever measures are necessary to correct the Plaintiff's credit.

  F. Costs and reasonable attorney's fees pursuant to Fla. Stat. §559.77(2).

  G. For such other and further relief as may be just and proper.

  DATED this 9 April 2013.

                /s/ N. James Turner
                N. James Turner, Esq.
                Counsel for Plaintiff
                Florida Bar No. 0203041
                37 N. Orange Avenue
                Suite 500
                Orlando, FL 32801
                (888) 877-5103
                Email address: njtlaw@gmail.com